## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUAN CARLOS FERNANDEZ
d/b/a OLUO POPO, INC.,

    Plaintiff,

v.                                        Case No. 8:07-cv-598-T-30EAJ

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## **O R D E R**

This cause comes before the court on Defendant's Motion To Dismiss, or Alternatively, Motion for More Definite Statement (Dkt. 3) and on Plaintiff's Response (Dkt. 6). For the following reasons, Defendant's Motion is **denied**.

Plaintiff filed a Complaint for Declaratory Relief (Dkt. 2) in state court, seeking a determination of the rights of the parties under a Commercial General Liability and Property insurance policy with regard to a robbery of Plaintiff's business on July 28, 2005. Defendant filed a Motion To Dismiss, or Alternatively, Motion for More Definite Statement (Dkt. 3), essentially alleging failure to state a cause of action for declaratory judgment. Defendant then removed the case to this Court. (Dkt. 1.) Subsequently, Plaintiff filed a Response (Dkt. 6) to Defendant's Motion, arguing that the Complaint had stated a cause of action.

The parties cite the Florida Declaratory Judgments Act, Fla. Stat. § 86.011, as the standard applicable to the Complaint. However, cases removed to federal court are treated procedurally as if originally filed in federal court. Seal v. Industrial Elec., Inc., 362 F.2d 788, 789 (5th Cir. 1966); see Fed. R. Civ. P. 81(c). Thus, Defendant's Motion will be treated as having been brought under the federal standards governing complaints for declaratory relief, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

Section 2201(a) provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Plaintiff's Complaint must therefore be read as seeking only an adjudication of his rights under the insurance policy with regard to the alleged robbery. Moreover, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57. Thus, the fact that Plaintiff could have simply brought a breach of contract action does not preclude his seeking a declaratory judgment to establish coverage.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion To Dismiss, or Alternatively, Motion for More Definite Statement (Dkt. 3) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE