**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JUAN CARLOS FERNANDEZ**
**d/b/a OLUO POPO, INC.,**

    **Plaintiff,**

**v.**                                    **Case No.  8:07-cv-598-T-30EAJ**

**SCOTTSDALE INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Final Summary Judgment (Dkt. 35) and Plaintiff's Response in opposition to the same (Dkt. 38).  The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines that the motion should be denied.

Background

On or about July 28, 2005, Plaintiff suffered a burglary loss at his business premises. The business premises was insured under a commercial property insurance policy (the "Policy") issued by Defendant Scottsdale Insurance Company ("Scottsdale"). Following the burglary, Plaintiff submitted a claim to Scottsdale for his losses.  Scottsdale denied his claim

as a result of Plaintiff's failure to install and maintain a central station burglar alarm system as required under the Policy.[1]

The fact that Plaintiff neither installed nor maintained a central station burglar alarm system is not in dispute. Plaintiff claims that when he procured the Policy from Scottsdale's agent, Diana Madero, he was not aware the alarm system was required for coverage. Plaintiff claims that he discussed the application and policy procedures with Madero in Spanish, as he could not read English. According to Plaintiff, Madero told him an insurance company would inspect his property and indicate whether he needed to install an alarm. Plaintiff understood the policy would not be issued until the premises was inspected.

Plaintiff claims that Madero filled out the application for him, and that he signed the application following their discussion. According to Plaintiff, Madero told him she would leave the section of the insurance application dealing with burglar alarms unmarked until the premises was inspected. However, Plaintiff claims Scottsdale never inspected his business premises or indicated that he needed to install an alarm. He received notice that Scottsdale had issued the Policy, but claims he never received a copy of the Policy or the subject endorsement requiring installation and use of the alarm.

On February 6, 2008, the Court granted Scottsdale's motion for leave to file a reply to Plaintiff's response to the instant motion. As of the date of this Order, Scottsdale has not filed a reply. Accordingly, the Court will consider the instant motion and response without the benefit of a reply.

---

[1] An endorsement to the Policy issued by Scottsdale required plaintiff to have an "Automatic Burglar Alarm with an outside central station" installed and in use at the premises.

Discussion

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a

material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

Considering the evidence in the light most favorable to Plaintiff, a reasonable juror could conclude that Plaintiff was unaware the alarm was required under the Policy. Plaintiff relied on Madero's statements that the insurance company would inspect the premises and inform him if an alarm was needed. According to Plaintiff, he was never informed that installation and use of the alarm were required for continued coverage under the policy. As Plaintiff has raised a material issue of fact, the Court is precluded from entering summary judgment in favor of Scottsdale.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Final Summary Judgment is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 26, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-598.msj.frm